# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **EFRAIN GALINDO XOCHIHUA,** | ) | **CASE NO.   4:08 CV2089** |
| | ) | |
| **Petitioner,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

*Pro se* petitioner Efrain Galindo Xochihua ("Xochihua" or "Petitioner") filed the above-captioned *in forma pauperis* petition pursuant to 28 U.S.C. § 2241. Naming the United States of America and Joseph D. Gunja, Warden at the Northeast Ohio Correctional Center (N.E.O.C.C.) as respondents, Petitioner asserts he is suffering "collateral consequences" based upon his status as a deportable alien. He seeks a reduction of his sentence or eligibility for participation in the prison's early release program.

## BACKGROUND

Petitioner was indicted in the United States District Court for the Western District of North Carolina in 2005. *See United States v. Xochihua*, No. 2:05CR003 (W.D.N.C. 2005). He pleaded guilty to an offense involving methamphetamine and the court sentenced him to 120 months. Petitioner complains that his status as a deportable alien makes him ineligible to "receive

rewards which are offered for [the] residential drug abuse program (DAP)," and that he is not entitled to "timely Half-Way House-release." As a result, he claims he must serve his sentence under harsher conditions than similarly situated inmates who are citizens of the United States. He asks the court to determine "whether unusual [sic] harsh 'Collateral Consequences' that are visited by Law on a Defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guideline." (Pet. at 1.) He cites *United States v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y. 1992), to support his theory that, as an alien, he has a "right to receive a reduction of sentence not to exceed Six (6) Months." (Pet. at 2.)

28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Here, this court has personal jurisdiction over the Petitioner's custodian, Warden Gunja at N.E.O.C.C. To the extent Petitioner is challenging the manner in which the BOP is executing his sentence, it is an issue over which this court has subject matter jurisdiction. While Petitioner has not alleged whether or not he exhausted his administrative remedies, *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (federal prisoner must first exhaust available remedies before filing a § 2241 petition), exhaustion is not jurisdictional for petitions filed pursuant to § 2241, *Wesley v. Lamanna*, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001) (exhaustion not a statutory (PLRA) requirement, but wholly judicially created requirement). More specifically, the exhaustion requirement exists in order to protect agency authority and promote efficiency. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 232 (2006). Thus, notwithstanding Xochihua's failure to

2

exhaust, the Court finds that the petition does not set forth a justiciable claim for relief. *Jimenez v. United States*, No. 2:07cv819, 2007 WL 3232469 (S.D. Ohio Nov. 1, 2007) (considering alien's "equal protection" challenge to "execution" of his sentence under § 2241 without assessing whether claim was exhausted).

SENTENCE ADJUSTMENT

It is presumed Petitioner is asserting claims for: 1) a reduction in his sentence due to his deportable alien status, and 2) an equal protection challenge based on the fact that his status as a deportable alien subjects him to a more severe sentence than a U.S. citizen in the same position. For reasons explained below, the first claim is not properly before this court, as it is an attack on Petitioner's sentence.

Unlike the defendant in *Restrepo*, Xochihua is no longer at the sentencing stage. The defendant in *Restrepo* was a permanent resident alien convicted of attempting to smuggle a substance containing heroin into the United States. The district court held that a downward departure from the guideline sentence of 41 to 51 months, to a sentence of 33 months, was warranted for the defendant. In its decision, the district court held that the alienage of a prisoner justified a downward departure from the Sentencing Guidelines due to the harsher punishment he would receive as an alien, including—most relevant to this case—that he would not be eligible to serve his sentence in a minimum security facility or the last 10% of his sentence in a halfway house. *Restrepo*, 802 F. Supp. at 788-89, 783. The Second Circuit Court of Appeals, however, reversed the district court. The court of appeals disagreed that a downward departure from the range prescribed by the Sentencing Guidelines, based upon the ground that defendant, as an alien, would be deported and suffer other collateral consequences, was appropriate. *See United States v. Restrepo*, 999 F.2d 640 (2d Cir. 1993) (facts did not warrant downward departure based on

defendant's status as an alien).

In order for Petitioner to challenge his sentence now, he would need to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. As a federal prisoner, Xochihua may not attack his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

There is no allegation that Petitioner previously filed a § 2255 motion to vacate. Moreover, he is not claiming that his § 2255 remedy is inadequate or ineffective to test the legality of his detention. Without an assertion under the savings clause provision of § 2255, Petitioner cannot seek an adjustment to his sentence from this court. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001 (2001) (habeas relief may be appropriate when the remedy provided under § 2255 is inadequate or ineffective). Further, since this court cannot characterize Petitioner's petition as a motion to vacate pursuant to 28 U.S.C. § 2255,[1] he is free to file such a motion in the sentencing court.

---

[1] In *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998)), the Sixth Circuit held that, with regard to *pro se* litigants in particular, "[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

4

EQUAL PROTECTION

Petitioner's equal protection challenge must also fail. The basis for his claim rests on the fact that his status as a deportable alien subjects him to a more severe sentence than a U.S. citizen in the same position. As a matter of law, "the federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." *Soskin v. Reinertson*, 353 F.3d 1242, 1254 (10th Cir. 2004) (citing *Mathews v. Diaz*, 426 U.S. 67, 78-83 (1976)). Courts faced with claims similar to Petitioner's have reasoned that denying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection. *See, e.g.*, *Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1169 (S.D. Cal. 2000).[2] As the Tenth Circuit noted, "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. 2006). Petitioner's claim offers no distinction from other equal protection cases brought by deportable aliens. Moreover, contrary to Petitioner's assertion, prisoners have no statutory or constitutional "right" to early release. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that prison classification and eligibility for rehabilitative programs in federal system are matters delegated by Congress to the discretion of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). Accordingly, Petitioner presents no grounds in his petition which would warrant habeas relief.

---

[2] Most of the decisions addressing this issue are unpublished. *United States v. Benitez*, 2004 WL 2414798 (D. Or. Oct. 25, 2004); *United States v. Nguyen*, 2000 WL 1133055 (D. Or. Aug. 10, 2000); *Ruiz-Loera v. United States*, 2000 WL 33710839 (D. Utah June 23, 2000); *United States v. Acevedo*, 2000 WL 764563 (D. Kan. May 26, 2000); *Palafox-Barajas v. United States*, 1999 WL 1338451 (S.D. Cal. Dec. 8, 1999).

CONCLUSION

For the foregoing reasons, Petitioner is granted leave to proceed *in forma pauperis*, and this action is dismissed pursuant to 28 U.S.C. § 2243.[3]  The court certifies that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: November 18, 2008

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[3]  The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .], *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[4]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."